IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLO SCRANTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-00494 |
| | § | |
| WEATHERFORD INTERNATIONAL LTD.; | § | |
| WEATHERFORD U.S., L.P.; | § | |
| RONNIE SINGLETON; LISA CASTRO; | § | |
| HUGO YABAS; JOHN EVERETTE; | § | |
| DERRICK JOHNSON; CLYDE CHAMPRON; | § | |
| ALEX ANZALDUA; and LINCOLN SMITH, | § | |
| | § | |
| *Defendants.* | § | |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
WEATHERFORD U.S., L.P., RONNIE SINGLETON, LISA CASTRO, HUGO YBARRA,
ALEX ANZALDUA, LYNCOLN SMITH AND CLYDE CHAPRON**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Weatherford U.S., L.P., Ronnie Singleton, Lisa Castro, Hugo Ybarra, Alex Anzaldua, Lyncoln Smith and Clyde Chapron ("Defendants") and file this their Motion for Summary Judgment, and would respectfully show the Court the following:

**I.**

**SUMMARY**

In this case, Plaintiff Marlo Scranton ("Plaintiff" or "Scranton") alleges that Defendants harassed, discriminated, and retaliated against her based on her gender, subjected her to a hostile work environment, and constructively discharged her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). She also alleges negligence, intentional infliction of emotional distress, violation of public policy and conspiracy.

By this Motion, Defendants will show that the undisputed material facts establish that Defendants are entitled to summary judgment on all allegations.

## II.

## UNDISPUTED MATERIAL FACTS

1. Plaintiff received her 90-day Notice of Right to Sue under Title VII from the Equal Employment Opportunity Commission ("EEOC") on November 13, 2009. (Second Amended Petition [sic], ¶ 6; Plaintiff's Deposition at p. 37 and Exhibit 2).[1]

2. Plaintiff filed this suit on February 16, 2010. (Original Complaint; Plaintiff's Deposition at p. 35).

3. Defendant Weatherford U.S., L.P. provides workers' compensation insurance to Texas employees and is a participating employer under the Texas Workers' Compensation Act. Plaintiff was covered by the workers' compensation insurance provided by Weatherford U.S., L.P. during her employment with Weatherford U.S., L.P. (Declaration of Michael Gallien).[2]

## III.

## ARGUMENT AND AUTHORITIES

A.  **Summary Judgment Standards.**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an essential element to that party's case, and on which that party will bear the burden at trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

---

[1] Excerpts of Plaintiff's Deposition are attached as Exhibit A.

[2] The Declaration of Michael Gallien is attached as Exhibit B.

In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Little, supra*; *Bozé v. Branstetter*, 912 F.2d 801, 804 (5th Cir. 1990).  Material facts are those facts "that might affect the outcome of the suit under the governing law."  *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).  Factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts."  *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial.  The movant meets this initial burden by showing that the "evidence in the record would not permit the nonmovant to carry its burden of proof at trial."  *Smith*, 158 F.3d at 911.  The burden then shifts to the nonmovant to demonstrate that summary judgment is inappropriate.  *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).  This is accomplished by producing "significant probative evidence" that there is an issue of material fact so as to warrant a trial.  *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996).  The evidence must be "sufficient to support a jury verdict."  *Morris*, 144 F.3d at 380.

**B.**   **Plaintiff's Title VII Claims for Harassment, Retaliation and Discrimination Are Time-Barred.**

"A civil action under Title VII must be brought within 90 days of receipt of a right to sue letter from the Equal Employment Opportunity Commission."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379

(5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003); *Maddox v. Runyon*, 139 F.3d 1017, 1021 (5th Cir. 1998); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); *see also* 42 U.S.C. § 2000e-5(f). Title VII states as follows:

> [I]f the Commission dismisses a charge or if, within 180 days after a charge is filed, the Commission has not filed a civil action, "the Commission . . . shall notify the person aggrieved and within 90 days after the getting of such notice a civil action may be brought against the respondent named in the charge."

*Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 (5th Cir. 1985). "This requirement to file a lawsuit within the 90-day limitation period is strictly construed." *Taylor*, 296 F.3d at 379; *see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

Although the filing requirements of Title VII are not jurisdictional prerequisites, but are more akin to statutes of limitations and, hence, are subject to doctrines of waiver, estoppel, and equitable tolling, there is no basis for waiver, estoppel or equitable tolling in this case. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151-52 (1984). There are no extenuating circumstances present in this case. Plaintiff alleges in her Second Amended Petition [sic], and testified in her deposition, that she received the Notice of Right to Sue from the EEOC on November 13, 2009. Thus, to fulfill the 90-day limitation period, suit must have been filed by February 11, 2010. Plaintiff's Original Complaint, however, was not filed until February 16, 2010—95 days after receipt of her Notice of Right to Sue. Therefore, Plaintiff's Original Complaint under Title VII was not filed on a timely basis and dismissal is proper. *See Smith v. Flagship Int'l*, 609 F.Supp. 58, 61 (N.D. Tex. 1985).[3]

---

[3] Plaintiff's *pro se* status at the time suit was filed is irrelevant. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473 (5th Cir. 1991). In fact, Plaintiff enjoyed the assistance of counsel at that time; counsel drafted the Petition attached to Plaintiff's Original Complaint. (Plaintiff's Deposition at p. 36).

C.     **Negligent Retention.**

Plaintiff alleges that Defendant Weatherford was negligent in retaining and supervising Defendant Chapron, John Everitt, Defendant Anzaldua, and Defendant Singleton because they were incompetent or unfit for retention based on their alleged sexual harassment and sex discrimination with respect to Plaintiff. First, Defendants respectfully submit that Title VII preempts Plaintiff's negligence claim because Title VII is the exclusive remedy for claims of discrimination. When a common law tort claim arises from identical factual allegations under Title VII, those tort claims cannot survive. *See Brown v. General Services Administration*, 425 U.S. 820 (1976) (federal employment); *Jansen v. Packaging Corp. of America*, 123 F.3d 490, 493 (7th Cir. 1997) (*per curium*) (*en banc*); *Johnson v. Blue Cross/Blue Shield of Texas*, 375 F.Supp.2d 545 (N.D. Tex. 2005); *Goins v. Hitchcock Indep. Sch. Dist.*, 191 F.Supp.2d 860, 871-72 (S.D. Tex. 2002).[4]

In addition, Defendant Weatherford provides workers' compensation insurance pursuant to the Texas Workers' Compensation Act, TEX. LAB. CODE ANN. § 408.001 (Vernon 1996). The Act provides the exclusive remedy for injuries sustained by an employee in the course of his or her employment as a result of his or her employer's negligence. *Dickson v. Silva*, 880 S.W.2d 785 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Therefore, to the extent that Plaintiff's case is based on alleged negligence, recovery is foreclosed by the Texas Workers Compensation Act.[5]

---

[4] The authorities cited are equally applicable to Sections E and F of this Motion, and will not be unnecessarily repeated.

[5] If the workers' compensation bar is deemed to be an affirmative defense, Defendants request leave of Court to amend their answers to assert that defense.

**D.     Intentional Infliction of Emotional Distress.**

Plaintiff's claims for intentional infliction of emotional distress are the same claims that form the basis for her employment discrimination claim under Title VII.  Therefore, Title VII preempts those claims.

The claim of intentional infliction of emotional distress is considered a "gap-filler" tort under Texas law that is not available where the claim is based on conduct covered by other specific statutory schemes such as Title VII.  A "gap-filler" tort is one that is "judicially created for the limited purpose of allowing recovery in those rare instances [in] which a [plaintiff] . . . has no other recognized theory of redress."  *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).  Intentional infliction of emotional distress is a "gap-filler" tort with the "clear purpose . . . to supplement existing forms of recovery by providing a cause of action for egregious conduct that might otherwise go unremedied . . . [but which] should not be extended to circumvent the limitations placed on the recovery of mental anguish damages under more established tort doctrines."  *Id.*  While *Hoffmann-La Roche* dealt with claims under the Texas Commission on Human Rights Act, federal courts have applied that same doctrine when intentional infliction of emotional distress claims are raised alongside Title VII claims.  *See Johnson v. Blue Cross/Blue Shield of Texas*, 375 F.Supp.2d 545, 549 (N.D. Tex. 2005).  *See also*, *Goins, supra*; *Prigmore v. Houston Pizza Ventures, Inc.*, 189 F.Supp.2d 635, 643 (S.D. Tex. 2002).

In addition, Plaintiff's claims for intentional infliction of emotional distress do not rise to the level required in employment cases.  To establish a claim for intentional infliction of emotional distress, Plaintiff must allege and show that Defendants engaged in conduct that was so outrageous in character and extreme in degree that it surpassed "'all possible bounds of decency,' such that it is 'utterly intolerable in a civilized community.'"  *Ward v. Bechtel Corp.*,

102 F.3d 199, 203 (5th Cir. 1997). Incidents in which a Texas court has determined the conduct of an employer with regard to an employee to be extreme and outrageous are few. *Horton v. Montgomery Ward & Co., Inc.*, 827 S.W.2d 361, 369 (Tex. App.—San Antonio 1992, writ denied). The allegations presented by Plaintiff simply do not rise to that level.

E.     **Wrongful Termination.**

Plaintiff attempts to circumvent the requirements and limitations under Title VII by alleging a claim of wrongful termination in violation of public policy. The public policy that Defendant Weatherford allegedly violated is the policy contained in Title VII. Therefore, Title VII provides the exclusive remedy for the claims of Plaintiff, and Plaintiff cannot circumvent that statute by inventing a claim of wrongful discharge in violation of the public policy that is contained in Title VII.

F.     **Conspiracy.**

Plaintiff alleges that Defendants, acting in the course and scope of their employment, conspired with each other to engage in the conduct alleged in the Complaint. First, employees, agents and officials of a corporation, acting in that capacity, cannot conspire with themselves. *Hilliard v. Ferguson*, 30 F.3d 649 (5th Cir. 1994); *Wilhite v. H.E. Butt Co.*, 812 S.W.2d 1, 5 (Tex. App.—Corpus Christi 1991, no writ), *overruled on other grounds by Cain v. Hearst Corp.*, 878 S.W.2d 577, 578-79 (Tex. 1994).

Secondly, a conspiracy allegation is yet another attempt to circumvent the statutory provisions of Title VII, and those allegations are preempted by Title VII.

IV.

**CONCLUSION**

Based on the foregoing, Defendants respectfully submit that they are entitled to summary judgment and dismissal of this case in its entirety.

WHEREFORE, PREMISES CONSIDERED, Defendants request that all relief sought in Plaintiff's Second Amended Petition be denied and that this case be dismissed in its entirety.

Respectfully submitted,

/s/R. Michael Moore
R. Michael Moore
State Bar No. 14371400
Federal I.D. No. 4354
LAW OFFICE OF R. MICHAEL MOORE
7500 San Felipe St., Suite 335
Houston, Texas 77063
Telephone: 713-621-8185
Facsimile: 713-621-8184
Email: rmmoore@sbcglobal.net

ATTORNEY-IN-CHARGE FOR DEFENDANTS WEATHERFORD U.S., L.P., RONNIE SINGLETON, LISA CASTRO, HUGO YBARRA, ALEX ANZALDUA, LYNCOLN SMITH and CLYDE CHAPRON

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January, 2011, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Ms. Sarah S. Doezema
>405 Main Street, Suite 700
>Houston, Texas  77002
>*Counsel for Plaintiff*

>/s/R. Michael Moore
>R. Michael Moore