**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARLO SCRANTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0494 |
| | § | |
| WEATHERFORD U.S., L.P., *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This employment case is before the Court on the Motion to Reconsider and

Reinstate Civil Action ("Motion") [Doc. # 23] filed by Plaintiff Marlo Scranton, to

which Defendants Weatherford U.S., L.P. ("Weatherford"), Ronnie Singleton, Lisa

Castro, Hugo Ybarra, Alex Anzaldua, Lyncoln Smith, and Clyde Champron filed a

Response [Doc. # 24].  Plaintiff neither filed a reply nor requested additional time to

do so.  Based on the preference for deciding cases on the merits, the Court **grants** the

Motion.  Having reconsidered the timeliness of the Title VII claims, the Court again

concludes on the merits that the claims are time-barred.  Having dismissed the federal

claim prior to trial, the Court declines to exercise jurisdiction over the pendent state

law claims pursuant to 28 U.S.C. § 1367(c)(3), and those claims are dismissed without

prejudice to being refiled in state court.

P:\ORDERS\11-2010\0494MReconsider.wpd   110412.0743

## I.      BACKGROUND

The factual background of this case is set forth fully in the Memorandum and Order [Doc. # 21] entered February 25, 2011.  Briefly, Plaintiff was employed by Weatherford.  Plaintiff alleges that she was subjected to discrimination on the basis of her sex, sexual harassment, and retaliation.  Plaintiff alleges that she was constructively discharged in March 2009.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue.  She then filed this lawsuit, asserting causes of action based on alleged sexual harassment, sex discrimination, negligent retention, retaliation, intentional infliction of emotional distress, wrongful termination, and conspiracy.  After the close of discovery, Defendants filed their Motion for Summary Judgment, to which Plaintiff did not respond.  The Court considered the Motion for Summary Judgment on the merits and concluded that the Title VII claims were time-barred because Plaintiff failed to file this lawsuit within ninety days after receiving her Notice of Right to Sue from the EEOC.  The Court also granted summary judgment for Defendants on the pendent state law claims.

Plaintiff then filed the pending Motion, asserting that she had tried to file a timely response to the Motion for Summary Judgment and thought that she had done so.  The Motion is ripe for decision.

## II.  **<u>MOTION FOR RECONSIDERATION</u>**

The district court has considerable discretion when deciding a Rule 59 motion.[1] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).  Modern federal procedure favors trials on the merits.  *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985).

In this case, Plaintiff's counsel states that she began attempting to file a response to Defendants' Motion for Summary Judgment on January 28, 2011. Plaintiff's counsel states that she experienced difficulties with the Court's Electronic Case Filing ("ECF") System.  Specifically, Plaintiff's counsel states that she received an on-screen message that this case was closed.  Plaintiff's counsel did not print a copy of the on-screen message.  Plaintiff's counsel contacted the Court's Case Manager, who advised counsel that the ECF System did not show the case as closed. Plaintiff's counsel states that she then filed the response and received an on-screen

---

[1]    Plaintiff asserts the Motion to Reconsider under Rule 60(b) of the Federal Rules of Civil Procedure.  Because the Motion was filed twelve (12) days after entry of the Court's Memorandum and Order [Doc. # 21] and Final Judgment [Doc. # 22] on February 25, 2011, the Court is properly considered under Rule 59.  *See* Fed. R. Civ. P. 59(b) (Rule 59 motion filed "no later than 28 days after entry of judgment").

message indicating that the response had been successfully filed.  Plaintiff's counsel did not print a copy of the on-screen message.

Based on the strong preference for rulings on the merits and in the interest of justice, the Court will reconsider its prior ruling on Plaintiff's Title VII claims.

## III.   ANALYSIS OF TITLE VII CLAIMS

### A.   Title VII Claims

Plaintiff asserts claims under Title VII for sexual harassment, sex discrimination, and retaliation.  Title VII provides that claimants have ninety (90) days to file a civil action after receipt of a right to sue notice from the EEOC.  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f)(1))).  Although not jurisdictional, this requirement to file a lawsuit within the ninety-day limitation period is strictly construed.  *Id.* (citing *Ringgold v. Nat'l Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986)).

In this case, Plaintiff received the Notice of Right to Sue from the EEOC on November 13, 2009, requiring that she file any lawsuit by February 11, 2010. Plaintiff did not file this lawsuit, however, until February 16, 2010.  Plaintiff claims that the time limitation should be equitably tolled because she had "limited knowledge of the court system and flawed understanding of the calculation of time."  *See*

Plaintiff's Response to Defendants' Motion for Summary Judgment, Exh. H to Motion, p. 22. Plaintiff states that she incorrectly understood that she had until February 16, 2011, to file the complaint and pay the filing fee. *See id.*

It is well established that mere ignorance of the law for any reason, including lack of counsel, does not toll a statute of limitations. *See Barrow v. New Orleans S. S. Ass'n*, 932 F.2d. 473, 478 (5th Cir. 1991) (citing *Larson v. American Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979)). Indeed, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *See Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 240 (5th Cir. 2010) (quoting *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 97 (1990)).

Plaintiff has failed to establish a legal or factual basis for equitable tolling of the 90-day filing requirement for her Title VII claims. Accordingly, Defendants are entitled to summary judgment that the Title VII claims are time-barred.

## IV.   STATE LAW CLAIMS

Plaintiff's federal claims have been dismissed at a preliminary stage of the proceedings. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state law claims for negligent retention, intentional infliction of emotional distress, wrongful termination, and conspiracy. *See Moore v. Willis Independent School Dist.*, 233 F.3d 871, 876 (5th Cir.

2000); *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998)

("Certainly, if the federal claims are dismissed before trial, . . . the state claims should

be dismissed as well."); *Dixon v. Ford Motor Credit Co.*, 252 F.3d 1356, *3 (5th Cir.

Apr. 2, 2001) (unpublished) (affirming dismissal of state law claims under

§ 1367(c)(3) after entry of summary judgment in favor of defendant on federal

claims).

## V.   **CONCLUSION AND ORDER**

Based on the federal system's strong preference for deciding cases on their

merits, the Court has reconsidered Plaintiff's claims under Title VII and concludes

again on the merits that they are time-barred.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Reconsider [Doc. # 23] is **GRANTED**

to the extent that the Court again considers on the merits whether Plaintiff's Title VII

claims are time-barred.  It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 20] is

**GRANTED** as to the Title VII claim.  It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to

exercise supplemental jurisdiction over Plaintiff's pendent state law claims for

negligent retention, intentional infliction of emotional distress, wrongful termination,

and conspiracy, and those state law claims are **DISMISSED WITHOUT PREJUDICE** to being refiled in state court.

The Court will issue a separate final order.

SIGNED at Houston, Texas this 12<u>th</u> day of **April, 2011**.

Nancy F. Atlas
United States District Judge